**FRANK & ROSEN**
**ALAN L. FRANK, ESQUIRE**
**IDENTIFICATION NUMBER: 34414**
**BY: ALEXANDER J. PALAMARCHUK, ESQUIRE**
**IDENTIFICATION NUMBER: 22597**
**BY: DANIEL L. MOSS, ESQUIRE**
**IDENTIFICATION NUMBER: 79766**
**ELEVEN PENN CENTER, SUITE 320**
**1835 MARKET STREET**                              **Attorneys for Plaintiffs**
**PHILADELPHIA, PA 19103**
**(215) 864-2900**


### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| **LINDA HUDSON** : | |
| **740 N. 20th STREET** : | |
| **PHILADELPHIA, PA 19130** : | |
| **and** : | |
| **STEPHANIE HUDSON** : | |
| **740 N. 20th STREET** : | |
| **PHILADELPHIA, PA 19130** : | |
| **Plaintiffs** : | |
| : | **TERM,** |
| **v.** : | |
| : | |
| **WILIBERTO GONZALEZ** : | **DOCKET NO.:** |
| **125 W. 109th STREET** : | |
| **APARTMENT 9J** : | |
| **NEW YORK, NY 10025** : | |
| **&** : | |
| **DOLLAR RENT A CAR SYSTEMS, INC.** : | |
| **156 WEST 54TH STREET** : | |
| **NEW YORK, NY 10019** : | |
| **&** : | |
| **RENTAL CAR FINANCE CORP.** : | |
| **5330 E 31ST STREET, SUITE 100** : | |
| **TULSA, OK 74135** : | |
| **Defendants** : | **JURY TRIAL DEMANDED** |

_____ :


### *CIVIL ACTION COMPLAINT*

## I.    *PARTIES, JURISDICTION AND VENUE*

1.    Plaintiff, Linda Hudson, is a citizen of the United States who resides at 740 N. 20th Street,  Philadelphia, PA 19130.

2.    Plaintiff, Stephanie Hudson, is a citizen of the United States who resides at 740 N. 20th Street, Philadelphia, PA 19130.

3.    Defendant, Wiliberto Gonzalez, is a citizen of the United States who resides at 125 W. 109th Street, Apartment 9J, New York, NY 10025.

4.    Defendant Dollar Rent A Car Systems, Inc. (hereinafter "Dollar") is a corporation duly organized and existing under the laws of the State of New York having a principal place of business located at 156 West 54th Street, New York, NY 10019, and a registered agent for service of process being CT Corp System, 1635 Market Street, Suite1210, Philadelphia, PA 19102.

5.    Defendant Rental Car Finance Corp. (hereinafter "Rental") is a corporation duly organized and existing under the laws of the State of Oklahoma having a principal place of business located at 5330 E 31st Street, Tulsa, Oklahoma, 74135 and a registered agent for service of process being CT Corp. System, 1635 Market Street, #1210, Philadelphia, PA 19102.

6.    This Court has jurisdiction over this action pursuant to 28. U.S.C.A. §1332 (a)(1) in that the matter in controversy is between citizens of different states and the amount in controversy exceeds, exclusive of interest and cost, the amount of Seventy-five Thousand ($75,000.00) Dollars.

7.    Venue is proper in this Court pursuant to 28 U.S.C.A.§1391 (a)(3) and (c) in that Defendants Dollar and Rental are subject to personal jurisdiction in this judicial district and Defendant Wiliberto Gonzalez maintained significant contacts within this judicial district.

## II.    OPERATIVE FACTS

8.    At all relevant and material times, Defendant Wiliberto Gonzalez was the operator of a 2001 Toyota Camry (hereinafter "subject vehicle").

9.    At all relevant and material times, Defendants Dollar and Rental are the owners of the subject vehicle.

10.    At all relevant and material times Defendant Dollar rented the subject vehicle to Defendant Wiliberto Gonzalez and another individual identified as Angel Gonzalez.

11.    At all relevant and material times Defendant Rental rented the subject vehicle to Defendant Wiliberto Gonzalez and Angel Gonzalez.

12.    At all relevant and material times, Defendant Wiliberto Gonzalez, was an agent employee, and/or servant of Defendant Dollar acting within the course and scope of his agency and/or employment.

13.    At all relevant and material times, Defendant Wiliberto Gonzalez, was an agent employee, and/or servant of Defendant Rental acting within the course and scope of his agency and/or employment.

14.    At all relevant and material times, Defendant Dollar acted by and through its agents, servants and/or employees, including Defendant Wiliberto Gonzalez, all acting within the course and scope of its agency and/or employment.

15.    At all relevant and material times, Defendant Rental acted by and through its agents, servants and/or employees, including Defendant Wiliberto Gonzalez, all acting within the course and scope of its agency and/or employment.

16.    At all relevant and material times, Defendant Dollar was engaged, inter alia, in the

3

business of renting motor vehicles in the Commonwealth of Pennsylvania.

17.     At all relevant and material times, Defendant Rental was engaged, *inter alia*, in the business of renting of motor vehicles in the Commonwealth of Pennsylvania.

18.     At all relevant and material times, Defendant Wiliberto Gonzalez regularly operated motor vehicles in Philadelphia, Pennsylvania and in this judicial district for purposes of picking up and transporting the Plaintiffs for interstate transportation.

19.     On or about December 31, 2001, at approximately 6:40 a.m., Defendant Wiliberto Gonzalez (hereinafter "Gonzalez"), picked up the Plaintiffs in Philadelphia, Pennsylvania, and thereafter operated the subject vehicle westbound on Interstate 66, in Fauquier County, Virginia.

20.     At the aforesaid date and time, Plaintiffs, Linda Hudson and Stephanie Hudson were passengers in the subject vehicle operated by Gonzalez.

21.     At and about the aforesaid date, time and place, Gonzalez, suddenly and without warning to the Plaintiffs failed to keep the subject vehicle in control and caused it to run off the left side of the roadway, strike an embankment, and overturn thereby causing injuries to the passenger Plaintiffs as hereinafter set forth.

22.     The aforesaid accident resulted solely from the negligence, carelessness and recklessness of the Defendants and was due in no manner to any act or failure to act on the part of the Plaintiffs.

### COUNT I

### LINDA HUDSON v. WILIBERTO GONZALEZ, DOLLAR & RENTAL

23.     Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 22 of

4

this Complaint as though set forth at length herein.

24. The aforesaid motor vehicle accident was due to the negligence, carelessness and recklessness of the above-named Defendants by conduct that included but was not limited to:

a) failing to properly operate and control the subject vehicle;

b) operating the subject vehicle in a reckless manner;

c) failing to operate the subject vehicle with due regard for the safety of others;

d) failing to maintain proper and adequate control of the subject vehicle;

e) failing to slow, stop or swerve when he knew or should have known that the subject vehicle would be caused to run off the roadway, strike an embankment and overturn;

f) failing to bring the subject vehicle to a halt to prevent it from running off the roadway and contact the aforesaid embankment;

g) driving the subject vehicle in such a manner so as to create a dangerous and hazardous condition for others on the highway, including the Plaintiffs;

h) failing to properly take evasive action to avoid the accident;

i) failing to timely or otherwise apply his brakes to avoid the accident;

j) driving at an excessive rate of speed under the circumstances;

k) failing to observe and obey the ordinances and statutes of the Commonwealth of Virginia relating to the proper operation of motor vehicles;

5

l)     failing to exercise due care under the circumstances;

m)     negligence per se;

n)     failing to reasonably and properly train Defendant Wiliberto Gonzalez in

the operation and use of the subject vehicle;

o)     failing to properly supervise Defendant Wiliberto Gonzalez in the

operation and use of the subject vehicle;

p)     failing to reasonably and properly screen and investigate Defendant,

Wiliberto Gonzalez's competence qualifications and/or driving history and

background prior to renting the subject vehicle to him; and

q)     was otherwise careless, negligent and reckless in ways which may be

discovered during the course of litigating this cause of action.

25.     As a direct and proximate result of the violent collision that was caused by the

above-named Defendants' negligence, carelessness and recklessness, Plaintiff, Linda Hudson

was caused to be violently thrown from the inside of the subject vehicle and violently strike the

ground causing her to suffer serious multiple injuries to various parts of her body, particularly her

head, face, ear,  back, neck, jaw, arms, hands, fingers, knees, thighs, legs, nervous system and

musculoskeletal system all of which rendered her sick, sore, lame, stiff and prostrate.  More

specifically, Plaintiff, Linda Hudson suffered, among other injuries, concussion, injury to pelvic

organs, laceration to the right knee, periorbital, ecchymosis, edema around the right eye, 3 cm de-

gloving injury over right forehead, multi system trauma, headache with scalp avulsion, 6 x 7 cm.

avulsion over the frontal rim of the supra-orbital rim of her forehead, complex ear laceration with

exposed cartilage, diffuse subarachnoid hemorrhage, right frontal contusion and bilateral

6

subdural hygroma ; significant renal injury of right side with large retro peritoneal hematoma,

closed-head injury with altered cognition, left hemiplegia; complex laceration involving the mid

and lower pole of the right kidney extending into the renal hilum, liver laceration in the porta

hepatis, partial atelectasis bilateral lower lobes; diastasis involving the left sacroiliac joint;

punctuate focus of increased attenuation in the right frontal lobe, parenchynal hemorrhage,

bilateral abnormal subdural fluid collection;  bladder clotting; fractured right kidney, perineal

hematoma; right basilar atelectasis; traumatic brain injury with cognitive deficit, cervical

whiplash injury with suboccipital neuralgia; post-traumatic migraines and tension headaches,

post-traumatic myofascial syndrome including the spinal muscles from cervical to sacral SI joint

and pelvic dysfunction, right frontalis muscle palsy;  osteophytic impingement upon the dural sac

at C4/5 compromising the left neuroforamen when compared to the right, concentric disc

protrusion at C 4/5, concentric disc protrusion at C 5/6 somewhat eccentric to the left; broad

based dorsal disc protrusion L4/5 eccentric toward left neuroforamen; mild right greater than left

ethmoidal mucosal thickening, mild to moderate deviation of the nasal septum to right; post-

traumatic depression of the right orbital floor with herniation of intra orbital fat through the

defect; moderate broad herniation at multiple levels from C3/4 through C5/6 with the herniations

extending up to the cervical cord at

C5/6 approaching the left sided neuroforamen; changes to right orbit, superlateral aspect,

asymmetry of kidneys; insomnia, massive trauma with fracture of the skull, fracture of the right

maxillary sinus with depression of the right orbital floor, multiple severe scalp lacerations

extending to the superior orbital rim with cellulitis, fracture of the right kidney with retro

peritoneal hematoma, Reflex Sympathetic Dystrophy, post-traumatic myofascial pain syndrome,

cervical radioculopathy, clinical disc herniations of the lumbar spine with lumbar radioculopathy at multiple levels, internal derangement of bilateral knees, internal derangement of the right shoulder with brachial plexopathy, traumatic brain trauma with left hemiparesis, multiple contusions - resolved with unresolved traumatic scarring of the orbital bone, glabella and orbital rim with cheloid formation of the face and traumatic stress syndrome with moderate depression, phobic ideation, panic attacks, generalized anxiety disorder with auditory hallucinations secondary to massive head trauma, and various other aches and pains, mental anguish and emotional distress whereby she has in the past and may in the future continue to suffer physical pain and suffering and mental pain and anguish.

26.     As a result of the aforesaid negligence, carelessness and recklessness of the above-named Defendants, Plaintiff Linda Hudson has been obligated to receive and undergo medical attention and care including but not limited to irrigation and debridement and repair of v-shaped 6x7 cm. laceration to the right frontal scalp using complex three-layer closure with 4-0 vicryl, 5-0 vicryl and fast absorbing 5-0 suture; repair of S-shaped ear laceration with exposed cartilage and re-attachment, tracheotomy and percutaneous endoscopic gastric feeding tube placement and to expend and/or become obligated for various sums of money and incur various expenses, which expenses exceed the sums recoverable under the limits set forth under applicable motor vehicle financial responsibility statutes and may be obliged to continue to expend such sums or to incur such expenditures for an indefinite time in the future.

27.     As a further direct and proximate result of the above-named Defendants' aforesaid negligence, carelessness and recklessness and the injuries and pain and suffering which resulted therefrom, Plaintiff Linda Hudson has been caused and may in the future be caused to

restrict her usual daily activities and was further caused a loss of enjoyment of life, some or all of which losses are or may be permanent and thus Plaintiff Linda Hudson's life has been significantly negatively impacted by virtue of the above-named Defendants' conduct and Plaintiff Linda Hudson's resultant injuries and restrictions.

28.     As a further direct and proximate result of the above-named Defendants' aforesaid negligence, carelessness and recklessness and the resultant injuries and pain and suffering therefrom, Plaintiff Linda Hudson has suffered an interference with her usual duties, vocational activities, chores, life's pleasures and opportunities.

29.     Plaintiff Linda Hudson as a further result of the aforesaid injuries, has in the past and may in the future become obligated for and/or expend sums of money for medical treatment, medicines and medical attention in an attempt to diagnose, treat and cure her injuries.

30.     As a further direct and proximate result of this accident and the above-named Defendants' negligence, carelessness and recklessness and the resultant injuries and pain and suffering therefrom, Plaintiff Linda Hudson has been unable to attend to her vocational activities and employment in the manner to which she had been accustomed prior to the accident and has thereby suffered severe financial and economic losses in the way of impairment of earning capacity and power all of which losses may be permanent.

31.     As a further and proximate result of the above-named Defendants' negligence, carelessness and recklessness, Plaintiff Linda Hudson has sustained other losses and monetary damages, including losses and damages to her personal property.

**WHEREFORE,** Plaintiff Linda Hudson demands judgment against Defendants for damages in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars together with

9

costs, judgment , interest, delay damages and attorneys fees and any other relief which this

Honorable Court may deem just and equitable.

## COUNT II

### STEPHANIE HUDSON v. WILIBERTO GONZALEZ, DOLLAR & RENTAL

32.     Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 31

of this Complaint as though set forth at length herein.

33.     The aforesaid motor vehicle accident was due to the negligence, carelessness and

recklessness of the above-named Defendants by conduct that included but was not limited to:

    a)     failing to properly operate and control the subject vehicle;

    b)     operating the subject vehicle in a reckless manner;

    c)     failing to operate the subject vehicle with due regard for the safety of

           others;

    d)     failing to maintain proper and adequate control of the subject vehicle;

    e)     failing to slow, stop or swerve when he knew or should have known that

           the subject vehicle would be caused to run off the roadway, strike an

           embankment and overturn;

    f)     failing to bring the subject vehicle to a halt to prevent it from running off

           the roadway and contact the aforesaid embankment;

    g)     driving the subject vehicle in such a manner so as to create a dangerous

           and hazardous condition for others on the highway, including the

Plaintiffs;

h)    failing to properly take evasive action to avoid the accident;

i)    failing to timely or otherwise apply his brakes to avoid the accident;

j)    driving at an excessive rate of speed under the circumstances;

k)    failing to observe and obey the ordinances and statutes of the
      Commonwealth of Virginia relating to the proper operation of motor
      vehicles;

l)    failing to exercise due care under the circumstances;

m)    negligence per se;

n)    failing to reasonably and properly train Defendant Wiliberto Gonzalez in
      the operation and use of the subject vehicle;

o)    failing to properly supervise Defendant Wiliberto Gonzalez in the
      operation and use of the subject vehicle;

p)    failing to reasonably and properly screen and investigate Defendant
      Wiliberto Gonzalez's competence qualifications and/or driving history and
      background prior to renting the subject vehicle to him; and

q)    was otherwise careless, negligent and reckless in ways which may be
      discovered during the course of litigating this cause of action.

34.    As a direct and proximate result of the violent collision that was caused by the
above-named Defendants' aforementioned negligence, carelessness and recklessness, Plaintiff,
Stephanie Hudson was caused to be violently thrown from the inside of the subject vehicle and

11

violently strike the ground causing her to suffer serious multiple injuries to various parts of her body, particularly her head, back, neck, jaw, arms, hands, fingers, knees, thighs, legs, nervous system and musculoskeletal system all of which rendered her sick, sore, lame, stiff and prostrate. More specifically, Plaintiff Stephanie Hudson suffered, among other injuries, multiple trauma, a head injury and cerebral concussion with post concussion and/or post-traumatic cephalgia; a traumatic contusion to the right orbit and eye; severe cervical, thoracic and lumbosacral strain and sprain; post-traumatic cervical, thoracic and lumbosacral para-vertebral myofascitis, myofascial pain syndrome; cervical and lumbar radiculopathy, herniated discs; traumatic sprain of the right shoulder with tendinitis and impingement, right brachial plexopathy; traumatic contusion and sprain of the right knee with tendinitis and posttraumatic anxiety/stress syndrome, contusions to face, contusions to scalp, contusions to neck, contusions to chest wall, post-traumatic delivery liveborn and various other aches and pains, mental anguish and emotional distress whereby she has in the past and may in the future continue to suffer physical pain and suffering and mental pain and anguish.

35.     As a result of the aforesaid negligence, carelessness and recklessness of the above-named Defendants, Plaintiff Stephanie Hudson has been obligated to receive and undergo medical attention and care and to expend and/or become obligated for various sums of money and incur various expenses, which expenses exceed the sums recoverable under the limits set forth under applicable motor vehicle financial responsibility statutes and may be obliged to continue to expend such sums or to incur such expenditures for an indefinite time in the future.

36.     As a further direct and proximate result of the above-named Defendants' aforesaid negligence, carelessness and recklessness and the injuries and pain and suffering which

12

resulted therefrom, Plaintiff Stephanie Hudson has been caused and may in the future be caused

to restrict her usual daily activities and was further caused a loss of enjoyment of life, some or all

of which losses are or may be permanent and thus Plaintiff Stephanie Hudson's life has been

significantly negatively impacted by virtue of the above-named Defendants' conduct and Plaintiff

Stephanie Hudson's resultant injuries and restrictions.

37.    As a further direct and proximate result of the above-named Defendants'

aforesaid negligence, carelessness and recklessness and the resultant injuries and pain and

suffering therefrom, Plaintiff Stephanie Hudson has suffered an interference with her usual

duties, vocational activities, chores, life's pleasures and opportunities.

38.    Plaintiff Stephanie Hudson as a further result of the aforesaid injuries, has in the

past and may in the future become obligated for and/or expend sums of money for medical

treatment, medicines and medical attention in an attempt to diagnose, treat and cure her injuries.

39.    As a further direct and proximate result of this accident and the above-named

Defendants' negligence, carelessness and recklessness and the resultant injuries and pain and

suffering therefrom, Plaintiff Stephanie Hudson has been unable to attend to her vocational

activities and employment in the manner to which she had been accustomed prior to the accident

and has thereby suffered severe financial and economic losses in the way of impairment of

earning capacity and power all of which losses may be permanent.

40.    As a further and proximate result of the above-named Defendants' negligence,

carelessness and recklessness, Plaintiff Stephanie Hudson has sustained other losses and

monetary damages, including losses and damages to her personal property.

*WHEREFORE*, Plaintiff Stephanie Hudson demands judgment against Defendants for

damages in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars together with

costs, judgment , interest, delay damages and attorneys fees and any other relief which this

Honorable Court may deem just and equitable.

**FRANK & ROSEN**

_____
ALAN L. FRANK, ESQUIRE
ALEXANDER J. PALAMARCHUK, ESQUIRE
DANIEL L. MOSS, ESQUIRE
Attorneys for Plaintiffs

14

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| **LINDA HUDSON** : | |
| **740 N. 20th STREET** : | |
| **PHILADELPHIA, PA 19130** : | |
| **and** : | |
| **STEPHANIE HUDSON** : | |
| **740 N. 20th STREET** : | |
| **PHILADELPHIA, PA 19130** : | |
| **Plaintiffs** : | |
| : | **TERM,** |
| **v.** : | |
| : | |
| **WILIBERTO GONZALEZ** : | **DOCKET NO.:** |
| **125 109th STREET** : | |
| **APARTMENT 9J** : | |
| **NEW YORK, NY 10025** : | |
| **&** : | |
| **DOLLAR RENT A CAR SYSTEMS, INC.** : | |
| **156 WEST 54TH STREET** : | |
| **NEW YORK, NY 10019** : | |
| **&** : | |
| **RENTAL CAR FINANCE CORP.** : | |
| **5330 E 31ST STREET - SUITE 100** : | |
| **TULSA, OK 74135** : | |
| **Defendants** : | **JURY TRIAL DEMANDED** |

---

### PRAECIPE FOR APPEARANCE

**TO THE PROTHONOTARY:**

    Please enter our appearance for Plaintiffs, Linda Hudson and Stephanie Hudson, in the

above case.

                   **FRANK & ROSEN**

        By:_____
               ALAN L. FRANK, ESQUIRE
               ALEXANDER J. PALAMARCHUK, ESQUIRE
               DANIEL L. MOSS, ESQUIRE
               1835 Market Street, Suite 320
DATED: July 1, 2002         Philadelphia, PA 19103