UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LINDA HUDSON AND STEPHANIE HUDSON
              : CIVIL ACTION
  V.              :
                :
WILBERTO GONZALEZ & DOLLAR RENT A  :
CAR SYSTEMS, INC., & RENTAL CAR   :
FINANCE CORP.            : NO. 02-4365

**ANSWER OF DEFENDANTS WITH**
**AFFIRMATIVE DEFENSES**

   AND NOW, the defendants, Wilberto Gonzales & Dollar Rent A Car Systems, Inc., & Rental Car Finance Corp. by and through their attorneys, Margolis Edelstein, answer Plaintiffs' Complaint as follows:

**I. PARTIES, JURISDICTION AND VENUE**

  1. Denied.

  2. Denied.

  3. Admitted.

  4. Denied as to principal place of business alleged.

  5. Admitted.

  6. Neither admitted nor denied as answering defendants have no knowledge of whether there is diversity of citizenship nor are they aware of the extent or nature of the damages being alleged by plaintiffs.

  7. Denied. The allegations contained in paragraph 7 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

**II.  OPERATIVE FACTS**

    8.  Admitted.

    9.  Admitted.

    10.  Admitted.

    11.  Denied.

    12.  Denied. It is specifically denied that the defendant Wilberto Gonzalez was an agent, employee and/or servant of defendant Dollar and furthermore that defendant Gonzales was acting within the course and scope of his agency and/or employment. On the contrary, defendant Gonzales was not an agent, employee and/or servant of defendants Dollar and RCFC.

    13.  Denied. The allegations contained in paragraph 13 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure.  Strict proof thereof is demanded at the time of trial, if relevant.

    14.  Denied. The allegations contained in paragraph 14 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure.  Strict proof thereof is demanded at the time of trial, if relevant. By way of further answer, it is specifically denied that defendant Gonzales was acting as an agent, servant and/or employee of defendants Dollar and RCFC at the time of this incident.

    15.  Denied. The allegations contained in paragraph 15 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure.  Strict proof thereof is demanded at the time of trial, if relevant.

    16.  Admitted.

17. Admitted.

18. Denied.

19. Admitted.

20. Admitted.

21. Denied. The allegations contained in paragraph 21 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

22. Denied. The allegations contained in paragraph 22 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

**COUNT I**

**LINDA HUDSON v. WILBERTO GONZALEZ, DOLLAR & RENTAL**

23. Plaintiffs' paragraph 23 is an incorporation paragraph and as such, no response is required thereto.

24. Denied. The allegations contained in paragraph 24 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

24(a-q). Denied. The allegations contained in paragraph 24(a-q) are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

25. Denied. The allegations contained in paragraph 25 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is

demanded at the time of trial, if relevant.

26. Denied. The allegations contained in paragraph 26 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

27. Denied. The allegations contained in paragraph 27 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

28. Denied. The allegations contained in paragraph 28 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

29. Denied. The allegations contained in paragraph 29 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

30. Denied. The allegations contained in paragraph 30 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

31. Denied. The allegations contained in paragraph 31 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

WHEREFORE, defendants deny that they are liable on the causes of action declared upon by Plaintiffs and demand judgment in their

favor and against Plaintiffs together with reasonable attorneys fees and costs of suit.

## COUNT II

### STEPHANIE HUDSON v. WILBERTO GONZALEZ, DOLLAR & REMTAL

32. Plaintiffs' paragraph 32 is an incorporation paragraph and as such, no response is required thereto.

33. Denied. The allegations contained in paragraph 33 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

33(a-q). Denied. The allegations contained in paragraph 33(a-q) are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

34. Denied. The allegations contained in paragraph 34 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

35. Denied. The allegations contained in paragraph 35 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

36. Denied. The allegations contained in paragraph 36 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

37. Denied. The allegations contained in paragraph 37 are

conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

38. Denied. The allegations contained in paragraph 38 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

39. Denied. The allegations contained in paragraph 39 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

40. Denied. The allegations contained in paragraph 40 are conclusions of law to which no further responses are required under the Federal Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

WHEREFORE, defendants deny that they are liable on the causes of action declared upon by Plaintiffs and demand judgment in their favor and against Plaintiffs together with reasonable attorneys fees and costs of suit.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

The causes of action in plaintiff's Civil Action Complaint are barred and/or limited by virtue of the terms and provisions of the Pennsylvania Comparative Negligence Act. The terms of the Act are incorporated by reference as if set forth at length herein.

**THIRD AFFIRMATIVE DEFENSE**

If plaintiffs suffered any injuries and/or damages as alleged, they were caused solely and primarily by plaintiffs' own carelessness, negligence or recklessness, or the carelessness, recklessness and negligence of third-parties over whom answering defendants had no control, right of control or duty to control.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiffs failed to mitigate their damages.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred and/or limited by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, the provisions of which are fully incorporated by reference.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants hereby plead and invoke all defenses and protections provided by the Sudden Emergency Doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times relevant, plaintiffs were fully familiar with the circumstances and conditions then and there existing, and proceeded to encounter those conditions with full knowledge of all dangers inherent therein. Accordingly, the plaintiffs are barred and/or limited by virtue of assumption of the risk.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims for pain and suffering may be barred by

the limited tort provisions of the motor vehicle code, the terms of which are incorporated herein as though set forth at length.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' accident was caused by the acts or omissions of a person over whom answering defendants had no control, right of control or duty to control.

WHEREFORE, defendants deny that they are liable on the causes of action declared upon by Plaintiffs and demand judgment in their favor and against Plaintiffs together with reasonable attorneys fees and costs of suit.

MARGOLIS EDELSTEIN

BY: _____
JOSEPH GOLDBERG, ESQUIRE
I.D. No. 21376
ROBERT D. MACMAHON, ESQUIRE
I.D. No. 54367
Attorneys for Defendants Dollar Rent A Car Systems, Inc. and Rental Car Finance Corp. and Wilberto Gonzalez
The Curtis Center - Fourth Floor
Independence Square West
Philadelphia, PA 19106-3304
(215) 931-5892