UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA HUDSON<br>    and<br>STEPHANIE HUDSON<br>    Plaintiffs<br>v.<br><br>WILIBERTO GONZALEZ<br>    &<br>DOLLAR RENT A CAR SYSTEMS, INC.<br>    &<br>RENTAL CAR FINANCE CORP.<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:   DOCKET NO.: 02-4365<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' NOTICE OF MOTION TO
STRIKE/COMPEL DISCOVERY RESPONSES DIRECTED
TO DEFENDANTS, PURSUANT TO F.R.C.P.37**

To:   Joseph Goldberg, Esquire
      Margolis Edelstein
      The Curtis Center, 4th Floor
      Independence Square West
      Philadelphia, PA 19106

**PLEASE TAKE NOTICE THAT**, Plaintiffs, Linda Hudson and Stephanie Hudson, will make application to the United States District Court for the Eastern District of Pennsylvania for an Order striking Defendant Wiliberto Gonzalez's discovery responses and to compel production of a written statement and compelling Defendant Dollar Rent A Car Systems, Inc. to provide full, verified and complete responses to discovery requests from Plaintiffs Linda Hudson and Stephanie Hudson. A Motion, Memorandum of Law, and proposed Order are attached hereto.

                                              **FRANK & ROSEN**

                                        By:   _____
                                              ALEXANDER J. PALAMARCHUK
                                              DANIEL L. MOSS
                                              Attorneys for Plaintiffs

DATED: December 13, 2002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA HUDSON<br>    and<br>STEPHANIE HUDSON<br>        Plaintiffs<br>    v.<br><br>WILIBERTO GONZALEZ<br>    &<br>DOLLAR RENT A CAR SYSTEMS, INC.<br>    &<br>RENTAL CAR FINANCE CORP.<br>        Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:   DOCKET NO.: 02-4365<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**ORDER**

**AND NOW**, this          day of              , 2002, upon consideration of Plaintiffs', Linda Hudson and Stephanie Hudson, Motion to Compel, it is hereby **ORDERED** that said Motion is **GRANTED**; and further

The unverified answers to Interrogatories provided by Defendant Wiliberto Gonzalez shall hereby be stricken and Defendant Gonzalez is precluded from presenting evidence at trial concerning the matters that are the subject of the aforesaid answers; and further,

Defendant Wiliberto Gonzalez shall produce the written statement made on or about March 29, 2002 identified by him in his answers to Interrogatories; and further;

Defendant Dollar Rent A Car Systems, Inc. shall produce full, verified and complete responses to discovery requests including answers to Interrogatories and responses to Requests for Production of Documents from Plaintiffs within ten (10) days of the date of this Order.

Defendants are further Ordered that failure to produce said discovery will result in Defendants' being precluded from presenting evidence at the time of trial, concerning the matters that are the subject of Plaintiffs' discovery requests.

_____    _____
                                                                                     J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA HUDSON<br>　　and<br>STEPHANIE HUDSON<br>　　Plaintiffs<br>v.<br><br>WILIBERTO GONZALEZ<br>　　&<br>DOLLAR RENT A CAR SYSTEMS, INC.<br>　　&<br>RENTAL CAR FINANCE CORP.<br>　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:   DOCKET NO.: 02-4365<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES DIRECTED TO DEFENDANTS PURSUANT TO F.R.C.P. 37**

Plaintiffs, Linda Hudson and Stephanie Hudson, (hereinafter "Plaintiffs"), by and though their attorneys, Frank & Rosen, hereby move this Honorable Court pursuant to Federal Rule of Civil Procedure 37(a) for an Order compelling Defendants to produce discovery responses. In support thereof, Plaintiffs allege the following:

1. On or about August 26, 2002, Plaintiffs served Interrogatories and Request for Production of Documents upon Defendant Wiliberto Gonzalez. A true and correct copy of Plaintiffs' Interrogatories and Requests for Production of Documents are attached hereto and incorporated herein as Exhibit "A" and Exhibit "B."

2. On or about October 2, 2002, Plaintiffs' counsel sent a letter to counsel for Defendant seeking the "status" of the responses, which were then overdue. A true and correct copy of the October 2, 2002 correspondence is attached hereto and incorporated herein as

Exhibit "C."

3. Subsequently, on or about November 4, 2002, Plaintiffs received incomplete responses to discovery requests from Defendant Gonzalez. A true and correct copy of Defendant Gonzalez's Response is attached hereto and incorporated herein as Exhibit "D."

4. Specifically, Plaintiffs only received answers to the Interrogatories with copies of certain documents attached.

5. Moreover, the answers to Interrogatories were not verified by Defendant Gonzalez, but were signed off by Defendant's counsel.

6. Thereafter, notwithstanding Defendant's counsel's indication that Defendant's verification would be provided and despite a further request by Plaintiff in a letter sent to defense counsel on November 11, 2002, Defendant Gonzalez's verification has not been provided. A true and correct copy of the November 11, 2002 letter is attached hereto and incorporated herein as Exhibit "E."

7. Additionally, Plaintiffs have never received a written response to their Request for Production of Documents addressed to Defendant Gonzalez. However, in responding to Interrogatory Number 30, Defendant Gonzalez identified a written statement made by him on March 29, 2002 concerning the subject matter of this civil action.

8. Specifically, Plaintiffs' Interrogatory inquired as follows:

Do you, or anyone on behalf of the Defendant, Wiliberto Gonzalez have a signed written statement, mechanically transcribed statement or a recorded statement? If so, state the type of statement, date of the statement and the name, address and employer of the present custodian of the statement at the present time. (Ex. A at ¶ 30).

9. Defendant Gonzalez responded by stating:

Yes, written statement given on 3/29/02. Statement is in the custody of defense counsel. (Ex. C at ¶ 30).

10. Moreover, Plaintiffs' Request for Production of Documents sought

> Any and all statements concerning the above captioned action or its subject matter previously made by the party(ies) to whom this request is directed, or by the party(ies) by whom this request is made, or by any other party(ies) or any witness(es), including any and all written statements, as well as any and all stenographic, mechanical, electrical and/or other recordings or transcriptions which are substantially verbatim recitals of any and all oral statements by the person(s) making the said statement(s), and contemporaneously recorded (Ex. B at ¶ 1).

11. On or about November 19, 2002, Plaintiffs' counsel requested a copy of the aforesaid written statement made by Defendant Gonzalez. A true and correct copy of the November 19, 2002 correspondence is attached hereto and incorporated herein as Exhibit "F."

12. Defendant Gonzalez's counsel responded by claiming that the statement made on March 29, 2002 is not discoverable under the Federal Rules of Civil Procedure, but did not state a specific basis for that contention. A true and correct copy of the November 26, 2002 correspondence from counsel is attached hereto and incorporated herein as Exhibit "G."

13. As of this date and despite multiple attempts to resolve this dispute by Plaintiffs' counsel, Defendant Gonzalez has failed to produce the aforesaid written statement made by him on March 29, 2002.

14. Additionally, to date, Plaintiffs have not received verified answers to Interrogatories, the aforesaid statement, or a response to the Request for Production of Document.

15. Plaintiffs contend that pursuant to F.R.C.P. 26(b)(3), Plaintiffs are entitled to the aforesaid statement previously made by the Defendant Gonzalez, which concerns the current action and/or its subject matter. Moreover, by failing to respond in a timely manner, as provided in F.R.C.P. 33(b)(3) and F.R.C.P. 34(b), and failing to object in a timely manner, pursuant to F.R.C.P. 33(b)(4), Defendant Gonzalez has waived his right to pose any objection to

Plaintiffs' request to produce the aforesaid statement.

16. Additionally, Plaintiffs are also entitled to receive Defendant Gonzalez's verified answers to Interrogatories and responses to Requests for Production of Documents.

17. Additionally, Plaintiffs on or about September 19, 2002, also served Interrogatories and Request for Production of Documents upon Defendant Dollar Rent A Car Systems, Inc. A true and correct copy of the Interrogatories and Request for Production of Documents propounded on Dollar Rent A Car Systems, Inc. are attached hereto and incorporated herein as Exhibit "H."

18. Plaintiffs have not received any Response to the Interrogatories or to the Request for Production of Documents from the Defendant Dollar Rent A Car Systems, Inc.

19. On October 9, 2002, at the conclusion of Plaintiff Linda Hudson's deposition, Plaintiffs' counsel reminded Defendants' counsel of the outstanding discovery responses.

20. At that time, Defendants' counsel stated that the responses to the discovery requests propounded on Defendant Dollar Rent A Car Systems, Inc. would be provided prior to the deposition of Plaintiff Stephanie Hudson on November 20, 2002. A true and correct copy of the transcript pages are attached hereto and incorporated herein as Exhibit "I."

21. Defendant Dollar Rent A Car Systems, Inc. did not produce the aforesaid discovery responses prior to Stephanie Hudson's deposition and to date, Defendant Dollar Rent A Car Systems, Inc. has not provided any answers to Interrogatories or responses to the Request for Production of Documents.

22. Prior to the filing of this Motion, Plaintiffs' counsel has made repeated attempts, including on November 21, 2002, to obtain the aforesaid discovery from both Defendants. A true and correct copy of the correspondence is attached hereto and incorporated herein as

Exhibit "J."

23. As of this date, none of the discovery sought in this Motion has been produced.

**WHEREFORE**, Plaintiffs, Linda Hudson and Stephanie Hudson, respectfully request from this Court an Order striking the unverified answers to Interrogatories provided on behalf of Wiliberto Gonzalez on November 4, 2002, precluding Defendant Gonzalez from presenting any evidence at trial concerning the matters addressed in the aforesaid answers to Interrogatories, requiring the Defendant Wiliberto Gonzalez to produce the written statement made on March 29, 2002 by Defendant Gonzalez, and for Defendant Dollar Rent A Car Systems, Inc. to produce responses to the discovery requests propounded upon it on September 19, 2002, or be precluded from presenting any defenses at trial.

                        **FRANK & ROSEN**

BY: _____
     ALEXANDER J. PALAMARCHUK
     DANIEL L. MOSS
     Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA HUDSON<br>    and<br>STEPHANIE HUDSON<br>    Plaintiffs<br>v.<br><br>WILIBERTO GONZALEZ<br>    &<br>DOLLAR RENT A CAR SYSTEMS, INC.<br>    &<br>RENTAL CAR FINANCE CORP.<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:   DOCKET NO.: 02-4365<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
RESPONSES DIRECTED TO DEFENDANTS**

Plaintiffs, Linda Hudson and Stephanie Hudson, (herein "Plaintiffs"), by and through their attorneys, Frank & Rosen, hereby submit the following Memorandum of Law in support of their Motion to Compel Defendants Wiliberto Gonzalez and Dollar Rent A Car Systems, Inc. to produce discovery requests pursuant to Federal Rule of Civil Procedure 37 (a).

**BRIEF STATEMENT OF FACTS**

Plaintiffs, Linda Hudson and Stephanie Hudson, (herein "Plaintiffs") filed this civil action on or about July 1, 2002. This action arose due to severe, disabling injuries the Plaintiffs sustained in a motor vehicle accident on December 31, 2001. During discovery, Plaintiffs served Interrogatories and a Request for Production of Documents upon Defendant Wiliberto Gonzalez (hereinafter Gonzalez). See Exhibits A and B. On or about October 2, 2002, Plaintiffs' counsel sent a letter to counsel for Defendants seeking the "status" of the responses, which were then overdue. See Exhibit C. Subsequently, on or about November 4, 2002, Plaintiffs received

Defendant Gonzalez's Response to Interrogatories, however, the Defendant's verification was not attached.  See Exhibit D.  Defendant's counsel indicated that Defendant Gonzalez's verification would be provided but to date, no such verification has been received by Plaintiffs, despite a follow-up reminder letter sent to Defense counsel on November 11, 2002.  See Exhibit E.

After reviewing Defendant's response to Interrogatories, Plaintiffs learned that Defendant Gonzalez had made a written statement on or about March 29, 2002.  Plaintiffs discovered this information from their Interrogatory request that inquired as stated:

> Do you, or anyone on behalf of the Defendant, Wiliberto Gonzalez have a signed written statement, mechanically transcribed statement or a recorded statement?  If so, state the type of statement, date of the statement and the name, address and employer of the present custodian of the statement at the present time. (Ex. A at ¶ 30).

Defendant's response was as follows:

> Yes, written statement given on 3/29/02.  Statement is in the custody of defense counsel. (Ex. D at ¶ 30).

Plaintiffs' also Requested from the Defendant in their Request for the Production of Documents the following:

> Any and all statements concerning the above captioned action or its subject matter previously made by the party(ies) to whom this request is directed, or by the party(ies) by whom this request is made, or by any other party(ies) or any witness(es), including any and all written statements, as well as any and all stenographic, mechanical, electrical and/or other recordings or transcriptions which are substantially verbatim recitals of any and all oral statements by the person(s) making the said statement(s), and contemporaneously recorded
> (Ex. B at ¶ 1).

Plaintiffs have not yet received any objections or responses to their Request for Production of Documents addressed to Defendant Gonzalez.  Notwithstanding, on or about November 19, 2002, Plaintiffs' counsel requested a copy of the written statement made by Defendant Gonzalez

prior to suit being filed in this matter. See Exhibit F. Defendant's counsel responded by claiming that the statement made on March 29, 2002 is not discoverable, but does not state a basis for this broad statement. See Exhibit G.

Moreover, Plaintiffs have not received responses to any of the discovery propounded upon the Defendant Dollar Rent A Car Systems, Inc. Plaintiff was informed on October 9, 2002 that said responses would be forthcoming, but Plaintiffs have yet to receive discovery responses from Dollar Rent A Car Systems, Inc.

## LEGAL ARGUMENT

Plaintiffs were entitled to complete and timely discovery responses from Defendant Wiliberto Gonzalez, including verified answers to interrogatories and a statement identified that was made on March 29, 2002, which apparently concerns the current action and/or its subject matter of this civil action. F.R.C.P. 26(b)(3). Plaintiffs are also entitled to full and complete discovery responses from Defendant Dollar Rent A Car Systems, Inc.

Defendant Wiliberto Gonzalez, by failing to respond to discovery requests in a timely manner, as provided in F.R.C.P. 33(b)(3), and failing to object in a timely manner, pursuant to F.R.C.P. 33(b)(4), Defendant has waived his right to any objections related to the requests and to assert the evidence at trial concerning the matters contained in the unverified answers to interrogatories.

Specifically, Defendant Gonzalez failed to supply timely verified responses to written discovery requests and failed to object to the production of the written statement. Therefore, Defendant Gonzalez has waived his right to object to the production of the written statement made on March 29, 2002, as well as ton assert any of the other evidence asserted in his unverified discovery responses.

As this Court is well aware, "[t]he failure to object to a discovery request in a timely fashion may constitute a waiver of the objection." <u>Rintchen v. Walker</u>, 1996 U.S. Dist. LEXIS 6104 (E.D. Pa. May 7, 1996). The Defendant has failed to comply with the Federal discovery rules on a variety of levels. First, Plaintiffs have yet to receive a verification from Defendant Gonzalez relating to the factual statements made in his Interrogatories. Second, Defendant Gonzalez has failed to provide timely objections and/or responses to the Request for Production of Documents. Third, Defendant Gonzalez makes a broad assertion that the statement made by the Defendant is not discoverable, but provides no basis for this assertion.

As such, Plaintiffs clearly are entitled to the statement on the basis that it was not privileged and was apparently prepared in the course of the investigation of this incident and is therefore discoverable under the Federal Rules of Civil Procedure. <u>See,</u> <u>Rintchen</u>, supra at *5-8.

Moreover, Plaintiffs have sought discovery from Defendant Dollar Rent A Car Systems, Inc. Defendant Dollar Rent A Car Systems, Inc. has not provided any documents or responses to Interrogatories, despite reasonable attempts by Plaintiffs' counsel to secure those responses. Therefore, Defendant Dollar has waived its right to object to the discovery requests and should now produce full verified answers to the Interrogatories and Request for Production of Documents.

**CONCLUSION**

For the foregoing reasons, Plaintiffs, Linda Hudson and Stephanie Hudson, respectfully request from this Court an Order striking Defendant Wiliberto Gonzalez's unverified answers to Interrogatories and to produce the written statement made on March 29, 2002. Additionally, Plaintiffs seek full verified and complete responses to the Discovery requests propounded upon

Defendant Dollar Rent A Car Systems, Inc.

            Respectfully submitted,

            **FRANK & ROSEN**

BY:: _____
            ALEXANDER J. PALAMARCHUK
            DANIEL L. MOSS
            1835 Market Street, Suite 320
            Philadelphia, PA 19103
            Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LINDA HUDSON** : | |
| and : | |
| **STEPHANIE HUDSON** : | |
| Plaintiffs : | |
| v. : | |
| : | |
| **WILIBERTO GONZALEZ** : | **DOCKET NO.: 02-4365** |
| & : | |
| **DOLLAR RENT A CAR SYSTEMS, INC.** : | |
| & : | |
| **RENTAL CAR FINANCE CORP.** : | |
| Defendants : | |
| : | |

## CERTIFICATE OF GOOD FAITH EFFORT

I, Alexander J. Palamarchuk, Esquire hereby certify that I have attempted in good faith to resolve this discovery dispute with counsel for Defendants Wiliberto Gonzalez and Dollar Rent A Car Systems, Inc.and after reasonable effort, this dispute is unable to be resolved.

                                                  **FRANK & ROSEN**

BY::_____
                            ALEXANDER J. PALAMARCHUK
                            DANIEL L. MOSS
                            1835 Market Street, Suite 320
                            Philadelphia, PA 19103
                            Attorneys for Plaintiffs

DATED:   December 13, 2002