UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA HUDSON AND STEPHANIE HUDSON | : CIVIL ACTION |
| | : |
| V. | : |
| | : |
| WILBERTO GONZALEZ & DOLLAR RENT A CAR SYSTEMS, INC., & RENTAL CAR FINANCE CORP. | : NO. 02-4365 |

DEFENDANT'S RESPONSE MEMORANDUM TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY RESPONSES

I.     INTRODUCTION

Defendants, Wilberto Gonzalez, Dollar Rent A Car Systems, Inc., & Rental Car Finance Corp., moves this Court to deny the Plaintiff's Motion to Compel discovery because Defendant, Gonzalez's statement is protected pursuant to F.R.C.P. 26(b)(3), the work product doctrine.

This is a case involving a personal injury action arising out of a one-vehicle automobile accident that took place on December 31, 2001. At the time of the accident, the Plaintiffs, Linda and Stephanie Hudson, were passengers in a Rent-A-Car vehicle operated by Defendant, Wilberto Gonzalez. The Plaintiffs served interrogatories on the Defendants on August 26, 2002. Interrogatories are attached hereto as Exhibit "A." The Defendants served complete answers to these interrogatories on November 4, 2002. Answers are attached hereto as Exhibit "B."

The Plaintiffs contend that the Defendants did not serve the Plaintiffs with a complete answer to question thirty (30) of said interrogatories.  This is an incorrect contention.  Under the work product doctrine first enunciated in <u>Hickman v. Taylor</u>, 329 U.S. 495, 91 L.Ed. 451, 67 S. Ct. 385 (1947), later codified in F.R.C.P. 26(b)(3), the Plaintiffs request for the Defendant's "signed written statement" should be denied because the statement is not discoverable under the Federal Rule.  Hence, Defense counsel was correct when he stated in his letter dated November 26, 2002, that under the Federal Rules, Wilberto Gonzalez's signed statement was not discoverable.  Accordingly, Plaintiffs motion to compel should be denied.

II.     <u>LEGAL ARGUMENT</u>

F.R.C.P. 26(b)(3) sets forth the work product doctrine as follows:

(3)     . . . . a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) <u>only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation</u>.

The Advisory Committee Notes to F.R.C.P. 26(b)(3) states that Rule 26(b)(3) reflects a trend that "requires a special showing not merely as to materials prepared by an attorney, <u>but also to materials prepared in anticipation of litigation or preparation for trial by or for a party</u> or any representative acting on his behalf."  The Advisory Committee

notes then explain that Rule 33, the rule concerning interrogatories, has been revised to permit the discovery of opinions, contentions and admissions relating to fact and the application of law to fact. However, the notes go on to state that documents or parts of documents which contain the mental impressions, opinions or conclusions of a party or his attorney are protected against discovery under F.R.C.P. 26(b)(3).

As the following argument will demonstrate, the Plaintiffs have not shown the substantial need and undue hardship necessary in order to obtain the Defendant, Gonzalez's statement.

    B.    <u>The Defendant's Statement is not discoverable under F.R.C.P. 26(b)(3) because the Plaintiffs have met their burden to show a substantial need and undue hardship and because the statement is protected by the work product doctrine.</u>

The Plaintiffs contend in their memorandum of law in support of their motion to compel that they are entitled to a copy of the signed statement given by the Defendant, Gonalez. <u>See</u> Exhibit "C." This is incorrect. In order to obtain the statement, the Plaintiffs must demonstrate that they have a substantial need for the statement in preparation of their case and that the party cannot obtain the statement without undue hardship pursuant to F.R.C.P. 26(b)(3). The Plaintiffs stated in their motion that "Plaintiffs contend that pursuant to F.R.C.P. 26(b)(3), Plaintiffs are entitled to the aforesaid statement previously made by Defendant Gonzalez, which concerns the current action and/or its subject matter." Hence, the Plaintiffs have not shown a substantial need and have not met their burden.

Moreover, United States Court for the Eastern District of Pennsylvania in <u>Peerless v. Mestek Inc.</u>, 1999 U.S. Dist. LEXIS 19105 (E.D. PA 1999), interpreted F.R.C.P. 26(b)(3). The Eastern District stated that the rule codified the work product doctrine and that the doctrine acts to promote the adversary system by protecting confidentiality of documents prepared by or on behalf of attorneys and/or parties in anticipation of litigation. <u>See</u> <u>Peerless</u>, 1999 U.S. Dist. LEXIS 19105. The court went on to state that "[t]raditionally, witness statements have been accorded work product protection because they reflect the attorney's thoughts and impressions from witness interviews." <u>Id</u>. (citing, <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947), 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIV. 2D, § 2028 (1994)). In this case, the plaintiffs sought to obtain affidavits drafted by defense counsel following interviews of witnesses. The court held that the affidavits were protected under the work product doctrine.

Further, the Eastern District in <u>Carson v. Mar-Tee Inc</u>., 1996 U.S. Dist. LEXIS 2884 (E.D. PA 1996), denied Plaintiff's motion to compel a statement of the agent driver made to the Defendant's insurance adjuster after the accident pursuant to F.R.C.P. 26(b)(3). The Defendant claimed that the statement fell within the work product doctrine because the statement was taken of one Defendant by another Defendant; the statement was taken after the Plaintiff had notified the insurer of her claims and; that litigation was certain given the fact that there was a rear end vehicular accident. The court found that this statement was taken in anticipation of litigation and as a result the protection of F.R.C.P. 26(b)(3) applied. Therefore, the Plaintiffs had to show that they had a

-4-

substantial need for the statement. The court found that the Plaintiffs had not met their burden and therefore, the statement was protected under Rule 26(b)(3).

Additionally, the plaintiffs cited the case <u>Rintchen v. Walker</u>, 1996 U.S. Dist. 6104 (E.D. PA 1996). This case also recognizes the work product doctrine and found that the work product doctrine protects the work product of <u>a party or its agents</u>, and representatives and the party's attorney. The Eastern District found that "it is within the court's discretion not to compel discovery which is improper." <u>Rintchen</u>, 1996 U.S. Dist. LEXIS 6104.

Therefore, under the Federal Rules and the appropriate case law, the Defendant, Gonzalez's statement is not discoverable under F.R.C.P. 26(b)(3). First, the statement was made by a party. Second, since litigation was a certainty in this case because the facts of the case involve a one-car accident, the statement was clearly made in anticipation of litigation. Moreover, the Plaintiffs have not met their burden to demonstrate a substantial need for the statement under F.R.C.P. 26(b)(3). The Plaintiffs in their motion stated that they wanted to obtain a copy of the statement and that they asked for the statement in Interrogatory No. 30. See Exhibit " A." Hence, the foregoing facts and authorities indicate that the Plaintiff's Motion to Compel should be denied.

III.    <u>CONCLUSION</u>

For all the reasons explained above, Plaintiffs, Linda Hudson and Stephanie Hudson's Motion to Compel Production of the Statement of Defendant Wilberto Gonzalez, should be denied.

                                        MARGOLIS EDELSTEIN

                                      BY:  _____

                                      JOSEPH GOLDBERG, ESQUIRE
                                      I.D. No. 21376
                                      ROBERT D. MACMAHON, ESQUIRE
                                      I.D. No. 54367
                                      Attorneys for Defendants Dollar Rent A Car
                                      Systems, Inc. and Rental Car Finance Corp. and
                                      Wilberto Gonzalez
                                      The Curtis Center - Fourth Floor
                                      Independence Square West
                                      Philadelphia, PA 19106-3304
                                      (215) 931-5892