UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LINDA HUDSON**<br>    and<br>**STEPHANIE HUDSON**<br>        **Plaintiffs**<br>    v.<br><br>**WILIBERTO GONZALEZ**<br>    &<br>**DOLLAR RENT A CAR SYSTEMS, INC.**<br>    &<br>**RENTAL CAR FINANCE CORP.**<br>        **Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:  **DOCKET NO.: 02-4365**<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### *ORDER*

*AND NOW*, this _____ day of _____, 2003, upon consideration of the Motion to Compel filed by Defendants, Wiliberto Gonzalez, Dollar Rent A Car Systems, Inc. And Rental Finance Corp.,

**IT IS HEREBY ORDERED** and ***DECREED*** that Defendants' Motion to Compel Plaintiff Stephanie Hudson's Diary is **DENIED**.

_____
                                                                    J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA HUDSON<br>    and<br>STEPHANIE HUDSON<br>    Plaintiffs<br>v.<br><br>WILIBERTO GONZALEZ<br>    &<br>DOLLAR RENT A CAR SYSTEMS, INC.<br>    &<br>RENTAL CAR FINANCE CORP.<br>    Defendants | : <br>:<br>:<br>:<br>:<br>:<br>:     DOCKET NO.: 02-4365<br>:<br>:<br>:<br>:<br>:<br>: |

***PLAINTIFFS' RESPONSE TO DEFENDANTS MOTION TO COMPEL
PLAINTIFF STEPHANIE HUDSON'S DIARY***

Plaintiffs Linda and Stephanie Hudson, through their attorneys, Frank & Rosen, hereby respond to Defendants Order to Compel Stephanie Hudson's diary pursuant to the Federal Rules of Civil Procedure as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied as stated.

5. Admitted.

6. Admitted.

7. Denied as stated. Defense counsel only requested production of diary entries concerning "how or why the accident happened" and did not specifically request that the entire contents of the diary be produced.

8. Admitted.

9. Admitted only that Defendants, through their counsel, have never made a good faith effort to resolve the instant discovery dispute and in fact, filed a Motion to Compel on January 15, 2003, that was never served on Plaintiffs.

10. Admitted only that the damages claimed in this action are for substantial physical injuries caused to Plaintiff Stephanie Hudson as well as for damages for mental distress and anxiety.

11. Denied for all of the reasons set-forth in Plaintiffs' Memorandum of Law.

12. Denied for all of the reasons set-forth in Plaintiffs' Memorandum of Law.

13. Admitted only that Defendants have failed to demonstrate that a substantial need exists to compel the production of the subject diary either in portion or in its entirety.

14. Denied.

15.-16. Admitted.

17. Denied.

18. Admitted.

19. Denied. Defendants are not entitled to the production of the subject diary because Defendants have failed to demonstrate that a substantial need exists for the production of the diary and that the Defendants would sustain substantial hardship to obtain the purported subject matter of the materials by any alternative means. Defendants must first meet this burden in order to obtain this diary and have failed to do so. Further, Defendants have only requested diary entries concerning how or why the accident happened and should be limited in meeting their burden as to these portions of the diary.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant an Order to deny that Plaintiff Stephanie Hudson produce her diary.

**FRANK & ROSEN**

BY:_____
DANIEL L. MOSS, ESQ.
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA HUDSON<br>    and<br>STEPHANIE HUDSON<br>    Plaintiffs<br>v.<br><br>WILIBERTO GONZALEZ<br>    &<br>DOLLAR RENT A CAR SYSTEMS, INC.<br>    &<br>RENTAL CAR FINANCE CORP.<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:   DOCKET NO.: 02-4365<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATION OF SERVICE

    I, Daniel L. Moss, Esquire hereby certify that on this date I served Plaintiffs' Response to Defendants Motion to Compel Plaintiff Stephanie Hudson's Production of Her Diary via first class mail to the following:

Joseph Goldberg, Esquire<br>
Robert MacMahon, Esquire<br>
Margolis Edelstein<br>
The Curtis Center, 4th Floor<br>
Independence Square West<br>
Philadelphia, PA 19106

**FRANK & ROSEN**

BY::_____
          DANIEL L. MOSS
          8380 Old York Road, Suite 410
          Elkins Park, PA 19027
          Attorney for Plaintiffs

DATED:   January 31, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA HUDSON<br>    and<br>STEPHANIE HUDSON<br>    Plaintiffs<br>v.<br><br>WILIBERTO GONZALEZ<br>    &<br>DOLLAR RENT A CAR SYSTEMS, INC.<br>    &<br>RENTAL CAR FINANCE CORP.<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>DOCKET NO.: 02-4365<br>:<br>:<br>:<br>:<br>: |

*MEMORANDUM OF LAW IN RESPONSE TO*
*DEFENDANTS MOTION TO COMPEL DISCOVERY*

At her deposition on November 20, 2002, Plaintiff Stephanie Hudson testified that, inter alia, she kept a personal diary in which she from time-to-time recorded personal reflections concerning her life's events. She also testified that on at least one instance she made a diary entry concerning the subject accident. Subsequent to that deposition, on November 26, 2002, Defendants informally requested specific information concerning the diary. Specifically, in letter correspondence, Defendants stated "let me know if you would voluntarily turn these entries over to us regarding how or why the accident happened." (See Exhibit "B" of Defendants' Motion to Compel). Thereafter, Plaintiffs filed a formal response to the Defendants request asserting an objection based, inter alia, on confidentiality and burdensomeness.

Thereafter, and without any communication to counsel for Plaintiffs, on January 15, 2003, Defendants apparently filed a Motion to Compel the production of the entire contents of the diary. Significantly, however, that Motion was never served on counsel for the Plaintiffs and was filed without a Certificate of Good Faith Effort as required by the Federal Rules of Civil

Procedure. Plaintiffs only learned about the Motion when it received a copy of this Court's Order on January 21, 2003, denying the Defendants' Motion. (<u>See</u> copy of Order attached hereto). Upon receipt of this Court's Order, Plaintiffs contacted defense counsel to attempt to discuss this issue. (<u>See</u> correspondence from Plaintiffs' counsel dated January 21, 2003 attached hereto). Nevertheless, the Defendants filed a second Motion containing a Certificate of Good Faith Effort that they had attempted in good faith to resolve the discovery dispute with counsel for Plaintiffs. They did so despite learning that Plaintiffs had never received the first Motion and without attempting to make a good faith effort to consult in an effort to resolve the issue. Given this outrageous procedural history, for that reason alone, Defendants Motion to Compel Plaintiff Stephanie Hudson's diary should be denied.

Moreover, notwithstanding the aforesaid procedural background and Defendants patent breaches of the Federal Rules of Civil Procedure, Plaintiffs believe that there are substantial reasons why the diary should not be produced. At the outset, Defendants have not demonstrated that they are entitled to the subject diary or any portions thereof. Specifically, Defendants have failed to show any substantial need for the production that outweighs the substantial privacy interests concerning the confidential nature of a personal diary of the 22 year old female Plaintiff. Defendants have had ample opportunity to obtain substantial and probative information from Stephanie Hudson including, but not limited to, a protracted deposition and detailed and voluminous responses to Interrogatories and Requests for Production of Documents.

Further, Defendants merely asserted in broad brush fashion that since the Plaintiff claims that she has suffered mental distress and anguish stemming from the alleged accident, they are entitled to review her entire diary. Defendants should not be entitled to embark on a "fishing expedition" into Stephanie's personal and inter-most thoughts maintained over periods of time

that have nothing to do with this case. In making their request, Defendants conveniently omitted to the Court that Plaintiff Stephanie Hudson has not treated with any specialists for a mental illness or psychological condition arising from the accident. The thrust of Stephanie's claims for damages concern numerous and severe trauma related injuries sustained in this single vehicle roll-over accident, as well as her being caused to undergo a traumatically induced premature delivery of her infant daughter. Having now reviewed the diary, Plaintiffs do not believe that the Defendants' position, with respect to relevancy as to mental anguish and anxiety is a ruse for merely securing information irrelevant to the issues in this case. Accordingly, Plaintiffs submit that Defendants have not carried their burden of demonstrating that a substantial need exists to merit production of the diary.

For all of the afore-stated reasons, Defendants Motion to Compel Plaintiff Stephanie Hudson's diary should be denied.

Respectfully submitted,

**FRANK & ROSEN**

BY:_____
DANIEL L. MOSS, ESQ.
8380 Old York Road, Suite 410
Elkins Park, PA 19027
(215) 935-1000
Attorney for Plaintiffs